## PURE OIL CO. v. COE et al.
### No. 3988.

Court of Civil Appeals of Texas. Texarkana.
March 3, 1931.

Rehearing Denied April 9, 1931.

Vinson, Elkins, Sweeton & Weems, of Houston, and Wynne & Wynne, of Wills Point, for appellant.

Samuels, Foster, Brown & McGee and Levy & Evans, all of Fort Worth, and Love, Thomas & Gray, of Dallas, and Bruce M. McMahan and T. W. Thompson, both of Greenville, for appellees.

**SELLERS, J.**

This suit was instituted by the Pure Oil Company against W. O. Coe and others to recover title and possession of certain premises hereinafter designated as the fourth tract containing 2.75 acres of land, and to secure an injunction for the purpose of restraining the appellees from taking possession of the premises and producing oil therefrom.

The case was tried before the court, the judgment was rendered dissolving the temporary injunction which had been granted and decreeing that the Pure Oil Company was the owner of an undivided one-half interest to the oil and gas in the fourth tract and that W. O. Coe was entitled to the other one-half interest in the minerals of the land involved. To this judgment both plaintiff and defendants excepted and gave notice of appeal, and the case is now before this court for review.

There was a number of other parties who intervened in this suit, but since they have not appealed, no mention will be made of the facts affecting their rights except in so far as it will be necessary in determining the questions raised by the parties appealing.

The principal question presented by the assignments of appellant and the cross-assignments of appellee W. O. Coe is whether or not R. A. Enas and his former wife, Mrs. Lula Stewart, are estopped to deny the title of the Pure Oil Company to the oil and gas in the 2.75 acres of land involved.

R. A. Enas and his former wife, now Mrs. Lula Stewart, during the time they were husband and wife purchased three tracts of land as follows: First tract, 17.1 acres of the Juan Prado survey; second tract, 34.2 acres of the Juan Prado survey; third tract, 4 acres of the W. N. Black survey.

Later, R. A. Enas and wife acquired title to a fourth tract, being the land here involved, by the ten-year statute of limitation. The fourth tract was 2.75 acres of the A. H. Wyley survey.

The following plat will give a fair idea of the position of the four tracts of land:

When R. A. Enas purchased tracts 1, 2, and 3, it was pointed out to him that his deed did not call for the fourth tract, but when he took possession of the three tracts which he purchased, he established a fence along the northeast boundary of the fourth tract and thereafter claimed the fourth tract as his own and for a long time has had title to the fourth tract by limitation. This fence as constructed served as a partition fence between R. A. Enas and the owner of the land to the northeast of the Enas land. There was no fence between tracts 2 and 4, and in so far as the inclosures are concerned, the fence also served as the northeast boundary of tract No. 2.

In 1924, R. A. Enas, joined by his then wife, Mrs. Stewart, executed a deed to tracts 1, 2, and 3, to R. M. Butler. This conveyance was for the purpose of creating a lien against the tracts mentioned, and R. M. Butler never claimed any title to the land, nor did he go into possession of any of it. R. M. Butler, at the request of R. A. Enas, conveyed these three tracts to Wylie Enas, who is the son of R. A. Enas and his former wife, Mrs. Stewart. Both of the deeds above mentioned describe the three tracts by metes and bounds, and the fourth tract is not included in the description.

Wylie Enas conveyed to Sam Allen the north one-half of tracts 1, 2, and 3, using the description of the land as contained in the deed from Butler to Wylie Enas, without any consideration being paid by Sam Allen. Allen went into possession of the land deeded to him by Wylie Enas and also went into possession of the north one acre of the fourth tract, using and cultivating it and claiming it as his own since 1925, but since 1930 the north one acre of the fourth tract has not been in cultivation but has been lying idle.

The above-described four tracts, as well as the other tract owned by R. A. Enas lying south of the four tracts above mentioned upon which R. A. Enas up to the time of this suit, and for fifty years prior thereto, has had his homestead, are under a common outside boundary fence.

In 1927, Wylie Enas executed an oil and gas lease conveying the south one-half of the land conveyed to him by R. M. Butler, which was tracts 1, 2, and 3, said lease being to A. L. Tisdale.

On the same date, Sam Allen executed an oil and gas lease covering the north one-half of the land conveyed to Wylie Enas by R. M. Butler, said lease being to A. L. Tisdale.

The Pure Oil Company became the owner of both leases through mesne conveyance; and immediately after the Pure Oil Company purchased the above leases, it secured from Wylie Enas and Sam Allen correction instruments, which instruments corrected the description of the land so as "to include therein all land owned by us in the J. Prado and W. N. Black Surveys in Van Zandt County, Texas, whether particularly described therein or not, and all of such land as we may own, claim or have under fence." This correction instrument was made a part of the original lease.

The fourth tract is not located within the description of the land embraced in the original leases executed by Sam Allen and Wylie Enas, nor is the fourth tract included in the description as contained in the correction instruments. Sam Allen, however, claimed the north one-half of the fourth tract and intended to lease it to the Pure Oil Company. Wylie Enas did not claim any land not included in the deed from Butler to him, but intended to lease the south one-half of the

fourth tract if such land was included to him in the deed by Butler. A. L. Tisdale believed he was securing a lease on all of the fourth tract lying east of tract No. 2.

On April 15, 1930, Mrs. Lula Stewart quitclaimed to R. A. Enas, for a valuable consideration, all right, title, and interest she had in the fourth tract, and on the same date R. A. Enas and his present wife executed a lease on the fourth tract to defendant W. O. Coe.

The court found as a fact that R. A. Enas never at any time made any representations to Sam Allen with reference to the northeast boundary of the land conveyed to him by Wylie Enas, nor any representation to Sam Allen whatever with reference to the fourth tract.

The court in his conclusions of law held that:

"Sam Allen and Wylie Enas had at all times held and now hold the title to the land described in the deed from R. M. Butler to Wylie Enas in trust for R. A. Enas and his former wife, Mrs. Lula Stewart."

The court further found that:

"R. A. Enas, because he placed the title to the first three tracts in Wylie Enas and permitted the title to the North one-half to stand in the name of Sam Allen, and because he permitted the use and occupancy of the fourth tract as above found, is estopped to claim the fourth tract as against the lease of the Pure Oil Company."

██ This court is of the opinion that the trial court erred in holding that R. A. Enas was estopped to claim the fourth tract as against the lease of the Pure Oil Company.

There is no contention on the part of appellant that R. A. Enas ever said one thing to any one that induced those under whom appellant claims to believe that the leases owned by appellant at the time they were executed included the fourth tract, but it is insisted by appellant that the acts of R. A. Enas in establishing the northeast boundary line of the fourth tract and recognizing it as the northeast boundary line of his property, and in allowing the title to the other three tracts to stand in the name of Sam Allen and Wylie Enas who held the title to the land in trust for him, and allowing Sam Allen to go into possession of a part of the fourth tract, were such acts as to estop R. A. Enas to deny the title of appellant to the fourth tract, and that it passed under the lease. With this contention we cannot agree. If the appellant, or those under whom it claims, had taken the trouble to locate on the ground the land which the field notes of its lease called for, it would have readily been found that such lease did not include the fourth tract; but in place of doing this, they relied merely upon the representations of Sam Al-

len and the fact that the fence appeared to be on the northeast boundary of the land called for in their leases as warranting the assumption that it was securing title to the fourth tract, and the calls of its lease actually marked or located the fourth tract within its boundary lines. We know of no rule by which Sam Allen's representations could be binding upon R. A. Enas, especially since the court found that R. A. Enas made no representations to Sam Allen concerning the fourth tract and that Sam Allen only held title to the two tracts in trust for R. A. Enas. It is made to appear from the record that appellant got title to all of the land called for by the field notes of its leases, and therefore is in no position to complain against R. A. Enas merely because it believed that it was purchasing the fourth tract of 2.75 acres which its lease did not include.

The judgment of the trial court will be reversed in so far as it grants to appellant any interest in the fourth tract, and judgment here entered in favor of appellee W. O. Coe for title to all of the mineral estate of the fourth tract of 2.75 acres, and in all other respects the judgment of the trial court is affirmed.